**WO**                                                                                                          RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Fox, ) | No. CV 10-8186-PCT-GMS (ECV) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Charles L. Ryan, et al., ) | |
| Respondents. ) | |

On September 27, 2010, Petitioner Ronald Fox, who is confined in the Arizona State Prison Complex-Tucson, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), a Motion for Appointment of Counsel (Doc. 3), and a Brief in Support of Title 28 U.S.C. § 2254 Application Form #530 (Doc. 4). Petitioner did not immediately pay the $5.00 filing fee or file an Application to Proceed *In Forma Pauperis*.

By Order filed October 5, 2010 (Doc. 5), the Court gave Petitioner 30 days from the filing date of the Order to either pay the $5.00 filing fee or file a completed Application to Proceed *In Forma Pauperis* using the form included with the Order.

**I.     Payment of Filing Fee**

On October 18, 2010, the $5.00 filing fee was paid (Doc. 6). Accordingly, the Court will proceed to review the Petition.

**TERMPSREF**

## II. Petition

Named as Respondent in the Petition is Charles L. Ryan. The Attorney General of the State of Arizona is named in the Petition as an Additional Respondent.

In his Petition, Petitioner challenges his judgment of conviction in the Mohave County Superior Court in matter number CR-2009-219. Petitioner alleges two grounds for relief in the Petition in which he asserts that his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments were violated.

Although Petitioner also asserts that his rights under 28 U.S.C. §§ 1343(a)(1) and (a)(2), 1357, and 1746, as well as 42 U.S.C. § 1986 and Model Penal Code § 5.03 were violated, he does not elaborate on how his rights under these provisions were violated. Accordingly, Petitioner's claims under these provisions will be dismissed without prejudice.

Although it appears that Petitioner has not properly exhausted his two grounds in the state courts as required, it also appears that Petitioner may now be procedurally barred from seeking review in the state courts, and therefore, no additional state remedies remain open to him. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether claims were procedurally barred). An answer is therefore required.

## III. Motion for Appointment of Counsel

On September 27, 2010, Petitioner filed a Motion for Appointment of Counsel (Doc. 3). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970); Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965)). However, the Court has discretion to appoint counsel when "the interests of justice so requires." 18 U.S.C. § 3006A(a)(2).

Petitioner has not made the necessary showing for appointment of counsel at this time. Accordingly, Petitioner's Motion will be denied without prejudice. If, at a later date, the

1 Court determines that an evidentiary hearing is required, counsel will be appointed in
2 accordance with Rule 8(c) of the Rules Governing Section 2254 Cases.

3 **IV. Warnings**

4     **A.  Address Changes**

5 Petitioner must file and serve a notice of a change of address in accordance with Rule
6 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other
7 relief with a notice of change of address. Failure to comply may result in dismissal of this
8 action.

9     **B.  Copies**

10 Petitioner must serve Respondents, or counsel if an appearance has been entered, a
11 copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a
12 certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner
13 must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to
14 comply may result in the filing being stricken without further notice to Petitioner.

15     **C.  Possible Dismissal**

16 If Petitioner fails to timely comply with every provision of this Order, including these
17 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
18 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
19 comply with any order of the Court).

20 **IT IS ORDERED**:

21 (1) Petitioner's Motion for Appointment of Counsel (Doc. 3) is **denied without**
22 **prejudice**.

23 (2) Petitioner's claims in the Petition (Doc. 1) that his rights under 28 U.S.C.
24 §§ 1343(a)(1) and (a)(2), 1357, and 1746, as well as 42 U.S.C. § 1986 and Model Penal Code
25 § 5.03 were violated are **dismissed without prejudice**.

26 (3) The Clerk of Court **must serve** a copy of the Petition (Doc. 1), Petitioner's
27 Brief in Support of Title 28 U.S.C. § 2254 Application Form #530 (Doc. 4), and this Order
28 on the Respondent and the Attorney General of the State of Arizona by certified mail

1 pursuant to Rule 4, Rules Governing Section 2254 Cases.

2     (4) Respondents **must answer** the Petition within 40 days of the date of service. 3 Respondents must not file a dispositive motion in place of an answer but may file an answer 4 limited to relevant affirmative defenses, including but not limited to, statute of limitations, 5 procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only 6 those portions of the record relevant to those defenses need be attached to the answer. 7 Failure to set forth an affirmative defense in an answer may be treated as a waiver of the 8 defense.  <u>Day v. McDonough</u>, 126 S. Ct. 1675, 1684 (2006).  If not limited to affirmative 9 defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules 10 Governing Section 2254 Cases.

11     (5) Petitioner **may file** a reply within 30 days from the date of service of the 12 answer.

13     (6) This matter is **referred** to Magistrate Judge Edward C. Voss pursuant to Rules 14 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and 15 recommendation.

16     DATED this 9th day of December, 2010.

        */s/ H. Murray Snow*
        G. Murray Snow
        United States District Judge