**WO**                                                                                                              RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ronald Fox, | ) | No. CV 10-8186-PCT-GMS (ECV) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

Pending before the Court are Petitioner's "Objection to the Order of the Court issued December 9, 2010 and Motion for Reconsideration" (Doc. 10) and "Objection to the Order of the Court issued December 9, 2010 and Motion for Reconsideration" (Doc. 11). The Court will deny both Motions.

**I.    Procedural Background**

On September 27, 2010, Petitioner Ronald Fox, who is confined in the Arizona State Prison Complex-Tucson, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), a Motion for Appointment of Counsel (Doc. 3), and a Brief in Support of Title 28 U.S.C. § 2254 Application Form #530 (Doc. 4). Petitioner did not immediately pay the $5.00 filing fee or file an Application to Proceed *In Forma Pauperis*.

By Order filed October 5, 2010 (Doc. 5), the Court gave Petitioner 30 days from the filing date of the Order to either pay the $5.00 filing fee or file a completed Application to Proceed *In Forma Pauperis* using the form included with the Order. On October 18, 2010,

1 the $5.00 filing fee was paid (Doc. 6).

2 Then, by Order filed December 9, 2010 (Doc. 7), the Court denied Petitioner's Motion
3 for Appointment of Counsel (Doc. 3); denied without prejudice Petitioner's claims in the
4 Petition (Doc. 1) that his rights under 28 U.S.C. §§ 1343(a)(1) and (a)(2), 1357, and 1746,
5 as well as 42 U.S.C. § 1986 and Model Penal Code § 5.03 were violated; directed the Clerk
6 of Court to serve a copy of the Petition (Doc. 1), Petitioner's Brief in Support of Title 28
7 U.S.C. § 2254 Application Form #530 (Doc. 4), and the Order on the Respondent and the
8 Attorney General of the State of Arizona by certified mail; gave the Petitioner 40 days from
9 the date of service to answer the Petition; gave Petitioner 30 days from the date of service
10 of the answer to file a reply; and referred this matter to Magistrate Judge Edward C. Voss
11 pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings
12 and a report and recommendation.

13 **II.    Objections and Motions for Reconsideration**

14 On January 6, 2011, Petitioner filed his "Objection to the Order of the Court issued
15 December 9, 2010 and Motion for Reconsideration" (Doc. 10) (First Motion for
16 Reconsideration) and "Objection to the Order of the Court issued December 9, 2010 and
17 Motion for Reconsideration" (Doc. 11) (Second Motion for Reconsideration).

18 Motions for reconsideration should be granted only in rare circumstances. <u>Defenders</u>
19 <u>of Wildlife v. Browner</u>, 909 F. Supp. 1342, 1351 (D.Ariz. 1995).  "Reconsideration is
20 appropriate if the district court (1) is presented with newly discovered evidence,
21 (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an
22 intervening change in controlling law." <u>School Dist. No. 1J, Multnomah County v. ACandS,</u>
23 <u>Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).  Such motions should not be used for the purpose of
24 asking a court "'to rethink what the court had already thought through - rightly or wrongly.'"
25 <u>Defenders of Wildlife</u>, 909 F. Supp. at 1351 (quoting <u>Above the Belt, Inc. v. Mel Bohannon</u>
26 <u>Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D.Va. 1983)).

27 In his First Motion for Reconsideration, Petitioner objects to the Court's denial of his
28 Motion for Appointment of Counsel (Doc. 3).  After having considered the foregoing

- 2 -

standards, and liberally reviewing the circumstances of Petitioner's case, Petitioner's Motion for Appointment of Counsel, the Court's previous Order filed December 9, 2010, the record in this case, and Petitioner's First Motion for Reconsideration, the Court declines to reverse itself and set aside its denial of Petitioner's Motion for Appointment of Counsel.

Petitioner has done nothing more than disagree with this Court and has failed to demonstrate a clear error of law, or that the Court's decision was manifestly unjust. Also, Petitioner has neither alleged that there has been an intervening change of controlling law, nor has he offered newly discovered evidence that would make reconsideration appropriate.

In so doing, the Court notes, as it did in its December 9, 2010 Order, that if, at a later date, the Court determines that an evidentiary hearing is required, counsel will be appointed in accordance with Rule 8(c) of the Rules Governing Section 2254 Cases.

In his Second Motion for Reconsideration, Petitioner objects to the Court's dismissal without prejudice of his claims in the Petition (Doc. 1) that his rights under 28 U.S.C. §§ 1343(a)(1) and (a)(2), 1357, and 1746, as well as 42 U.S.C. § 1986 and Model Penal Code § 5.03 were violated. After having considered the foregoing standards, and liberally reviewing the circumstances of Petitioner's case, the Petition, the Court's previous Order filed December 9, 2010, the record in this case, and Petitioner's Second Motion for Reconsideration, the Court declines to reverse itself and set aside its dismissal without prejudice of Petitioner's claims in the Petition that his rights under 28 U.S.C. §§ 1343(a)(1) and (a)(2), 1357, and 1746, as well as 42 U.S.C. § 1986 and Model Penal Code § 5.03 were violated. At most, Petitioner attempts to elaborate on how his rights under these provisions were violated. Petitioner cannot use a motion for reconsideration to correct deficiencies in his Petition.

Petitioner has failed to demonstrate a clear error of law, or that the Court's decision was manifestly unjust. Also, Petitioner has neither alleged that there has been an intervening change of controlling law, nor has he offered newly discovered evidence that would make reconsideration appropriate.

Accordingly, both of Petitioner's Motions will be denied.

**IT IS ORDERED**:

(1) The reference to Magistrate Judge Edward C. Voss is **withdrawn only** with respect to Petitioner's "Objection to the Order of the Court issued December 9, 2010 and Motion for Reconsideration" (Doc. 10) and "Objection to the Order of the Court issued December 9, 2010 and Motion for Reconsideration" (Doc. 11).

(2) Petitioner's "Objection to the Order of the Court issued December 9, 2010 and Motion for Reconsideration" (Doc. 10) and "Objection to the Order of the Court issued December 9, 2010 and Motion for Reconsideration" (Doc. 11) are both **denied**.

(3) All other matters **must remain** with Magistrate Judge Edward C. Voss for disposition as appropriate.

DATED this 1st day of March, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge