IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Fox,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV 10-8186-PCT-GMS (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Ronald Fox. Doc. 1. Pursuant to a plea agreement in Mohave County Superior Court, Petitioner pled guilty on July 14, 2009, to Conspiracy to Commit Aggravated Assault, a class three nondangerous felony under Arizona law. Doc. 21, Exh. A, B. On August 20, 2009, Petitioner was sentenced to an aggravated term of six years in prison. Doc. 21, Exh. C.

On October 13, 2009, Petitioner filed a Notice of Post-Conviction Relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. Doc. 21, Exh. D. Through counsel, he filed a Petition for Post-Conviction Relief on March 15, 2010. Doc. 21, Exh. E. Petitioner argued in his petition that the trial court improperly found Petitioner's offense to be "cruel, heinous and depraved." Id. Without that finding, Petitioner argued, the court was

1 | not authorized to impose an aggravated sentence. Id. After briefing was completed, the trial
2 | court summarily denied the petition for post-conviction relief on August 19, 2010. Doc. 21,
Exh. F. The court rejected Petitioner's argument and concluded that it properly applied the
"cruel, heinous and depraved" aggravating factor and was, therefore, within its authority to
impose an aggravated sentence. Id. Petitioner did not seek review in the Arizona Court of
Appeals or in the Arizona Supreme Court. Doc. 1 at 2.

Petitioner filed his habeas petition in this court on September 27, 2010. Petitioner alleges two grounds for relief. In ground one, he alleges that his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments were violated when the prosecutor's arguments during the sentencing hearing mischaracterized statements Petitioner had made. Petitioner does not explain what statements he made nor does he explain how the prosecutor mischaracterized those statements. In ground two, Petitioner alleges that his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments were violated when his counsel failed to object to the prosecutor's improper arguments at the sentencing hearing. On April 25, 2011, Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus. Doc. 21. Petitioner filed a Reply on May 27, 2011. Doc. 22.

Additionally, on April 18, 2011, Petitioner filed a Motion to Stay or Hold in Abeyance Petition for Writ of Habeas Corpus. Doc. 19. Respondents filed a Response on April 25, 2011. Doc. 20.

## DISCUSSION

Respondents contend in their limited answer to the petition that Petitioner's claims are procedurally defaulted because they were never presented in the state court. Because the court agrees that Petitioner's claims were not raised in the state court, and that he would be unable to go back and raise them now, the court will recommend that they be denied as procedural defaulted. Additionally, the court will recommend that the motion to stay be denied.

**A.     Procedural Default**

   **1.     Legal Standards**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996)).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. Id. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a defendant's claim is procedurally defaulted when it is clear that the state court would hold the claim procedurally barred). The federal court will not consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Dretke v. Haley, 124 S.Ct. 1847, 1851-52 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

**2. Application**

Petitioner failed to present either of his two grounds for relief in the state court. Petitioner raised one claim in his state petition for post-conviction relief but it was unrelated to the claims alleged in his habeas petition. Moreover, after the trial court denied his state petition for post-conviction relief, Petitioner failed to seek review in the Arizona Court of Appeals. Thus, even if he had raised his habeas claims in his state petition for post-conviction relief, they still would not have been exhausted in light of his failure to seek appellate review.

Having failed to fairly present the claims alleged in grounds one and two in the state court, Petitioner has failed to exhaust his state court remedies. Moreover, Petitioner would no longer have a remedy if he returned to the state court.[1] As a result, the claims are

---

[1] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the

1 procedurally defaulted. Although Petitioner addresses the exhaustion issue in his reply, he fails to establish cause for the default and actual prejudice. Nor doe Petitioner show a miscarriage of justice to overcome the procedural default. The court will therefore recommend that the claims be denied.

**B.     Motion to Stay or Hold in Abeyance**

Petitioner argues in his motion that this case should be stayed or otherwise held in abeyance while he attempts to exhaust his claims in the Arizona Court of Appeals. He contends that a stay should be granted because he relied on the assistance of a jailhouse lawyer who was unaware of the need to exhaust his state court remedies before filing a federal habeas petition.

The court finds no basis to stay this matter for the purpose of allowing Petitioner to attempt to exhaust his state court remedies. A "stay and abeyance" is only available in limited circumstances. Rhines v. Weber, 544 U.S. 269, 277 (2005). Because staying the case effectively excuses a petitioner's failure to properly raise his claims in state court, a stay and abeyance is only appropriate if the court determines there was good cause for failing to present the claims in state court. Id. Additionally, granting a stay is not appropriate where the claims are plainly without merit. Id. Here, Petitioner's reliance on an unskilled jailhouse lawyer does not demonstrate good cause for failing to exhaust his claims. Moreover, Petitioner's vague claims about the prosecutor's mischaracterizaion of statements he made are, on their face, without merit.

Moreover, the stay and abeyance procedure at issue in Rhines applies when a petitioner has filed a mixed petition, meaning some claims have been exhausted and some have not. Rhines, 544 U.S. at 271-272. Here, none of the claims have been exhausted, rendering the procedure set forth in Rhines inapplicable. The court has not been presented with and is not aware of any legal authority that applies the stay and abeyance procedure to a petition containing only unexhausted claims.

---

exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

- 5 -

1    Finally, granting a stay under these circumstances would be futile. As set forth above, the time for Petitioner to file a new state petition for post-conviction relief has long since passed. Additionally, because the claims could have been raised in his first petition for post-conviction relief, they are precluded under Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure. Petitioner's claims are, therefore, "technically exhausted" because no state court remedies remain available. See Coleman, 501 U.S. at 732 (1991).

For all of these reasons, a stay is unwarranted here. The court will recommend that the motion be denied.

## C. Conclusion

Having determined that Petitioner's two grounds for relief are procedurally defaulted, and that there is no basis to stay the case, the court will recommend that the petition be dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Motion to Stay or Hold in Abeyance (Doc. 19) be **DENIED**; and

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the

district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 10th day of August, 2011.

Edward C. Voss
United States Magistrate Judge